McIlvaine, J.
The only questions for decision in this ease *349 arise on the statute of May 5, 1868 (65 Ohio L. 146), which is as follows: “ An act to protect the citizens of Ohio from empiricism, and elevate the standing of the medical profession.” “ Section I. “ That it shall be unlawful for any person within the limits of said state, who has not attended two full courses of instruction and graduated at some school of médicine, either of the United States or some foreign country, or who cannot produce a certificate of qualification from some state or county medical society, and is not a person of good moral character, to practice medicine in any of its departments for reward or compensation, or attempt to practice medicine, or prescribe medicine or medicines, for reward or compensation, for any sick. person in the said state of Ohio; provided that in all cases when any person has been com tinuously engaged in the practice of medicine for a period of ten years or more, he shall be considered to have complied with the'provisions of this act, and that where persons have been in continuous practice of medicine for five years or more, they shall be allowed two years in which to comply with such provisions.”
“ Section II. Any person living in the state of Ohio, or any person coming into said state, who shall practice medicine, or attempt to practice medicine in any of its departments, or perform or attempt to perform any surgical operation upon any person within the limits of said state, in violation of section one of this act, shall, upon conviction thereof, be fined not less than fifty nor more than one hundred dollars for such offense, and upon conviction of a second violation of this act, shall, in addition to the above fine, be imprisoned in the county jail of the county in which said offense shall have been committed, for the term of thirty days, and in no case wherein this act shall have been violated, shall any person so violating receive a compensation for services rendered; provided, that nothing herein contained shall in any way be construed to apply to any person practising dentistry.
“ Section III. This act shall take effect and be in force on and after the first day of October, 1868.”
The defendant in error claims, that the admission of his *350 good moral character excludes him from the operation of the statute. The letter of the statute sustains this claim, but we think the evident intent of the legislature, being “ to protect the citizens of Ohio from empiricism,” as declared in the title of the act, was to exclude from the profession of medicine and surgery all persons who do not possess both qualifications and character, by making it unlawful for any person who has not the prescribed certificate, or a good moral character, to practice medicine for reward or compensation. In construing the statute in this respect, we must substitute the disjunctive “ or” for the copulative “ and.”
The principal question in the case, however, is: In order to entitle the medical practitioner to a reward or compensation for his services, under the proviso in the first section, must it be shown that the period of ten years of continuous practice elapsed prior to the taking effect of the act, • or is it sufficient to show that the period was complete at the time of rendering the service for which compensation is claimed % By the purview of the first section it is made unlawful for any person to practice medicine or surgery in the state of Ohio for reward or compensation, without having graduated at a school of medicine, or producing a certificate of qualification from some state or county medical society.
The evidence of qualification here prescribed is without limit as to date—it is sufficient that it can be shown to exist at the time when the right to practice is drawn in question. By the proviso, a period of ten years’ continuous practice is made exactly equivalent to the evidence of qualification prescribed in the purview; and there is no reason, as far as the protection of the public is concerned, why a different rule should prevail as to the time when a person may qualify himself for the practice of medicine. If the experience of an empiric,* for ten consecutive years before the passage of the act, was sufficient to protect “ the citizens of Ohio ” from the evils to be appre *351 hended from unskilled practitioners, the like experience, after that date, should also suffice. That this was the legislative view is evident from the language of tho proviso: “ That in all cases when any person has been continuously engaged in the practice of' medicine for a period of ten years or more, he shall be considered to have complied with the provisions of thi3 act.” In the opinion of a majority of the court, this proviso is a clear declaration, that whenever the right of a person of good moral character to practice medicine or surgery for reward or compensation, is questioned, such right may then be established by showing, that previous to that time he had been continuously engaged in the practice for ten years or more.
The latter clause of the proviso, “ that where persons have been in continuous practice of medicine for five years or more, they shall be allowed two years in which to comply with such provisions,” does not conflict with this view. We admit that the five years here referred to must antedate the taking effect of the act. But the case here provided for does not exclude the empiric from practicing for reward or compensation during the two years of probation, while the empiric seeking to qualify himself by continuous practice subsequent to the taking effect of the act is debarred from reward or compensation until the whole period of ten years is completed.
It must be observed that this statute does not declare the practice of an empiric, ipsofaoto, unlawful, but only such practice for reward or compensation. The provision in the penal section of the act (section 2) that “in no case wherein this act shall have been violated, shall any person so violating receive a compensation for services rendered,” does not extend the inhibitions of the first section. Hence, for this reason, the judgments below could not be disturbed, as the record does not show that the plaintiff below practiced for reward or compensation, after the passage of the act, until his period of ten years’ continuous practice was complete.
But, a majority of the court do not put their judgment of affirmance on this ground; but on the broader grounds that ten *352 years of continuous practice of medicine, whether before or after the taking effect of the act, and whether for compensation or not, relieves the practitioner from the inhibition im- - posed upon empirics by its provisions. Unquestionably, if such period were devoted to the practice beyond the limits of this state, such practitioner -would not be amenable to the provisions of the statute. True, it may be said that such probationary practice is not in violation of the act; but that circumstance does not add or detract Rom the knowledge or skill which the statute assumes is gained from experience, and which is deemed to constitute the necessary qualification of a practitioner.
We fully appreciate the force of the argument on the other side, that a statute should not be so construed as to create a right in one who acts in violation of its provisions. But that rule of construction does not apply in this case. This statute was not intended to create a right in any one to practice medicine. It was simply intended to prohibit the exercise of the right (which before was universal) by unqualified persons. The right remains in all persons exeejff those from whom it is taken away by the statute, and it is not taken away from a person who, at any time, has been in the continuous practice for ten years or more. Such, we think, is the manifest intent and purpose of the act when considered as a whole, and a manifest purpose cannot be defeated by any general rule of construction.

Judgment affirmed.

 The term “ empiric ” is here used, as in the statute, to mean a medical practitioner who has not graduated in a medical college, or has a certificate of qualification from a medical society, or has not been engaged in the continuous practice for the period prescribed in the statute.